UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CARETHERS,

    Petitioner,

v.                                          Case Number: 08-CV-11099
                                          HON AVERN COHN

HUGH WOLFENBARGER,

    Respondent.
_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Benjamin Carethers is a state inmate at the Macomb Correctional Facility in New Haven, Michigan where he is serving a sentence of sixteen to forty years following a guilty plea to second degree criminal sexual conduct. Petitioner raises claims concerning the voluntariness of his plea and the effectiveness of trial counsel. Respondent, through the Michigan Attorney General's office, has filed a response to the petition contending that it should be denied for lack of merit. For the reasons which follow, the petition will be denied.

### II. Facts and Procedural History

Petitioner's conviction arises from the sexual assault of a six-year-old girl. There was no plea agreement in this case but the trial court agreed to sentence Petitioner within the sentencing guidelines. During the plea colloquy, Petitioner stated that he was forty-nine-years old and had a seventh-grade education. He acknowledged his understanding of the charges he faced and the rights that he was foregoing. He also

acknowledged that he faced a fifteen-year maximum sentence which could be enhanced to life by virtue of his habitual-offender status. Petitioner denied that any threats or that any promises had been made to him to induce him to plead no-contest. The trial court found the plea to be knowing and voluntary and accepted the plea. Following his no-contest-plea conviction of second-degree criminal sexual conduct and fourth habitual offender, Petitioner was sentenced to sixteen to forty years imprisonment.

In January 2007, Petitioner filed a motion to withdraw his plea, claiming that his plea was not intelligent, voluntary, and understanding, and that defense counsel was ineffective for failing to notice the record absence of the guidelines. The trial court denied the motion.

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, asserting the following claims:

> I. [Petitioner] was deprived of his Fifth and Fourteenth Amendment rights of due process because his no[-] contest plea was not intelligent, voluntary, and understanding.
>
> II. [Petitioner] was deprived of his Fifth and Fourteenth Amendment rights of due process and his Sixth Amendment right to the effective assistance of counsel when counsel failed to notice the record absence of the guidelines.

The Michigan Court of Appeals denied the delayed application. People v. Carethers, No. 278366 (Mich. Ct. App. Aug. 27, 2007). Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, raising the same claims, and adding an additional claim, alleging ineffective assistance of appellate counsel, where appellate counsel purportedly failed to provide Petitioner with

a copy of his appellate brief. The Michigan Supreme Court denied leave. People v. Carethers, 480 Mich. 959 (2007) (Table).

Petitioner thereafter filed the present habeas petition, raising the same two claims as raised in the state appellate courts.

### III.  Analysis

### A.  Standard of Review

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under section 2254(d). According to the Supreme Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied-the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

3

> this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state-court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 411. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id.

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

A court must also presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. See Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Voluntary, Intelligent, and Knowing Nature of the Plea

Petitioner first asserts that he is entitled to habeas relief because his no-contest plea was not intelligently, voluntarily, and knowingly made. When a petitioner is

4

convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. See United States v. Broce, 488 U .S. 563 (1989); Boykin v. Alabama, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. See Brady v. United States, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." Id. at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. Id. at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." Id. at 748.

Here, the state-court record reveals that Petitioner's plea was knowing and voluntary. At the time of his plea, Petitioner was forty-nine-years old and had a seventh grade education. He had prior experience with the criminal justice system. There was no evidence that mental or psychological problems impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no-contest. During the no-contest plea hearing, the trial court informed Petitioner that he faced a maximum sentence of fifteen years imprisonment, which could be enhanced to life by virtue of his habitual offender status. Petitioner indicated that he was pleading no-contest of his own free will and had not been coerced or threatened. He also indicated that no promises had been made to him to induce him to tender his

plea.

Petitioner's assertion that his plea was not knowing and voluntary is belied by the record of his sworn testimony at the plea hearing. The fact that Petitioner was subsequently dissatisfied with his sentence or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. Brady, 397 U.S. at 757. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon an alleged off-the-record agreement:

> If we were to rely on [Petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy [which Petitioner now argues were untruthful] indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners [such as this Petitioner] from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.

Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir.1999) (quoting Baker v. United States, 781 F.2d 85, 90 (6th Cir.1986)). Having carefully reviewed the record, the Court is satisfied that Petitioner's no-contest plea was knowing, intelligent, and voluntary. As such, he is not entitled to habeas relief on this claim.

### C. Effectiveness of Trial Counsel

In his second claim, Petitioner alleges ineffective assistance of counsel where trial counsel failed to notice the record absence of the guidelines. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must

6

establish that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.  The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." Id.  The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decision maker.'"  Id. at 59-60 (quoting Strickland, 466 U.S. at 695).

Petitioner asserts that trial counsel was ineffective for failing to object to the taking of the plea despite the absence of guidelines information known to Petitioner.  At the time of the plea, however, the guidelines and pre-sentence report had not yet been determined.  Moreover, as noted above, trial counsel had discussed all possibilities with Petitioner prior to Petitioner pleading no-contest.  At the plea hearing, the following colloquy took place:

> THE COURT: The Court has not agreed upon the possible

> sentence with the prosecutor, defendant, or anyone acting in the interest of either.  The Court is convinced that the plea is understandingly made, that it is voluntary and accurate.  The plea is accepted.
>
> * * *
>
> [Petitioner's trial counsel]: Your Honor, regarding that, you did say that you would sentence within the guidelines, if you recall.
> THE COURT: I know – that's part of the plea.
> [Petitioner's trial counsel]: Yeah, okay.  You said that you hadn't participated.  I wanted to clarify the record on that.

Plea Hr'g Tr., p. 11, July 5, 2006.  Petitioner's claim is therefore not supported by the record and does not overcome the strong presumption that counsel was competent in advising and representing Petitioner.

Furthermore, Petitioner cannot demonstrate that, but for counsel's error of failing to notice the record absence of the guidelines, there is a reasonable probability that Petitioner would not have pleaded no-contest and would have insisted upon going to trial.  Petitioner therefore has failed to show either deficient performance or the requisite prejudice.  Against that backdrop, Petitioner is not entitled to habeas corpus relief on this claim.

### D.  Plea Withdrawal

To the extent that Petitioner claims that the trial court should have allowed him to withdraw his plea, this claim is not cognizable upon federal habeas review.  Petitioner cannot show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea.  Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea.  See

Chene v. Abramajtys, 76 F.3d 378 (6th Cir. 1996).  Unless a petitioner makes a showing that his attorney was constitutionally ineffective, there is no absolute right to withdraw a guilty or no- contest plea under federal or state law.  Dando v. Yukins, 461 F.3d 791, 796 (6th Cir. 2006).  Rather, the decision to permit a defendant to withdraw his plea invokes the trial court's discretion, the abuse of which is not a basis for habeas corpus relief.  See Sinistaj v. Burt, 66 F.3d 804, 808 (6th Cir. 1995).  Thus, the state court's decision not to permit Petitioner to withdraw the plea on the basis of ineffective assistance of counsel will not justify issuance of the writ.  Petitioner is therefore not entitled habeas relief on this ground.

## IV.  Conclusion

For the reasons stated above, Petitioner has failed to show that he is entitled to habeas relief on any of his claims.  Accordingly, the petition is DENIED.  This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2009

I hereby certify that a copy of the foregoing document was mailed to Benjamin Carethers, 156552, Macomb Correctional Facility,  34625 26 Mile Road, New Haven, MI 48048 the attorneys of record on this date, February 9, 2009, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160