UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN CARETHERS,

       Petitioner,

v.                                                 Case Number: 08-CV-11099
                                                 HON AVERN COHN

HUGH WOLFENBARGER,

       Respondent.

_____/

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Benjamin Carethers is a state inmate serving a sentence of sixteen to forty years following a guilty plea to second degree criminal sexual conduct.  Petitioner's conviction stems from the sexual assault of a six year old girl.  Petitioner filed a petition for a writ of habeas corpus raising claims concerning the voluntariness of his plea and the effectiveness of trial counsel. The Court denied the petition for lack of merit.  See Memorandum and Order Denying Petition for Writ of Habeas Corpus, filed February 9, 2009.

On March 9, 2009, Petitioner filed a notice of appeal which is signed and dated March 3, 2009.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 120 S. Ct. at 1604. The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA. Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

In the February 9, 2009 memorandum, the Court examined all of Petitioner's

2

claims regarding his guilty plea and the effectiveness of trial counsel and concluded that they lacked merit.  Reasonable jurists would not debate these conclusions. Accordingly, a COA is DENIED.

 SO ORDERED.


           s/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE


Dated:  March 17, 2009


I hereby certify that a copy of the foregoing document was mailed to Benjamin Carethers, 156552, Macomb Correctional Facility, 34625 26 Mile Road, New Haven, MI 48048 and the attorneys of record on this date, March 17, 2009, by electronic and/or ordinary mail.

           s/Julie Owens
           Case Manager, (313) 234-5160